IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ONE WORLD TECHNOLOGIES, LTD. and RYOBI TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>REXON INDUSTRIAL CORP., LTD., POWER TOOL SPECIALISTS, INC., PORTER-CABLE CORP., DELTA INTERNATIONAL MACHINERY CORP., and PENTAIR, INC.,<br><br>Defendants. | 05 MBD 10228<br><br>Civil Action No. 04C 4337<br>Northern District of Illinois, Eastern Division<br><br>Judge Matthew F. Kennelly<br>Magistrate Judge Edward A. Bobrick |

### MOTION TO COMPEL DEPOSITION OF RAYMOND J. CALUORI AND RULE 30(B)(6) REPRESENTATIVE OF BLADEPOINT, INC.

The Defendants Pentair, Inc. ("Pentair"), Porter-Cable Corporation ("Porter-Cable"), and Delta International Machinery Corp. ("Delta") (collectively, the "Defendants"), through their attorneys, respectfully move this Court pursuant to Rule 45(e) of the Federal Rules of Civil Procedure for an Order compelling Raymond J. Caluori to appear for deposition, both individually and as the designated Rule 30(b)(6) representative of Bladepoint, Inc. In support of their motion, the Defendants state as follows:

### INTRODUCTION

1. The underlying action between the Defendants and plaintiffs One World Technologies, Inc. and Ryobi Technologies, Inc., involves the alleged infringement of U.S. Patent No. 6,755,107 (the " '107 patent").

~CHGO1:30583251.v4

2. The '107 patent involves a laser alignment system for miter saws with slotted lower blade guards.[1] The laser device is mounted to the spinning arbor of the miter saw and – due to the rotation of the laser and its passage through the slotted blade guard – creates an interrupted pattern of light on the material to be cut.

3. Raymond Caluori runs a company called BladePoint, Inc. which manufactures an after-market arbor-mounted device for miter saws: the BladePoint device. The BladePoint device is the subject of U.S. Patent No. 6,035,757.

4. When the BladePoint device is mounted on the spinning arbor of a miter saw, it creates a line of light on the material to be cut. When the BladePoint device is used on a miter saw with a slotted lower blade guard – of which there are many – it creates an interrupted pattern of light on the material to be cut.

5. Mr. Caluori and BladePoint advertised the BladePoint device on BladePoint's website (www.bladepoint.com) as early as 1999, and they also provided a list of saws on which the BladePoint device would fit. At least two of these saws – the DeWalt DW705 and the DW708 – had slotted lower blade guards are were sold in the United States at least as early as 1999.

6. According to the Defendants, the availability of the BladePoint device, and the teachings on the BladePoint website to combine it with saws with slotted lower blade guards, invalidate the claims of the '107 patent asserted against the Defendants. (A copy of a PowerPoint presentation highlighting this argument is attached as Exhibit A.)

7. Mr. Caluori and BladePoint, therefore, are key witnesses for this lawsuit.

---

[1] The limitations of the claims of the '107 patent are disputed by the parties. The Defendants, therefore, are only providing their interpretation of the claims of the '107 patent.

8. Moreover, on information and belief, Mr. Caluori and BladePoint have records identifying the identity of customers of the BladePoint device who would have used the BladePoint device on saws with slotted lower blade guards, thereby invalidating the claims of the '107 patent asserted against the Defendants.

9. As described below, the Defendants have made every effort to secure Mr. Caluori's attendance at a deposition. Due to Mr. Caluori's failure to respond to these efforts, however, Court intervention is necessary.

10. Mr. Caluori initially ignored the efforts of the Defendants to secure his attendance at a deposition. Mr. Caluori finally authorized his counsel to become involved, but his counsel refuses to discuss any issues over the telephone and does not timely respond to letters.

11. Since April of 2005, Mr. Caluori has claimed that his daughter's illness prevents him from sitting for a deposition. On June 3, 2005, he indicated that the earliest he would be available for a deposition was August of 2005. Even though Mr. Caluori has known about this deposition since November of 2004 and has had more that adequate time to prepare the requested documents and make the appropriate arrangements, he continues to refuse to sit for a deposition or to produce the requested documents within a reasonable time.

## FACTS

12. Mr. Caluori is an adult individual whose last known residence is 5 Briggs Street, Suite 3, Quincy, MA 02170.

13. According to records from the Corporations Division of the Massachusetts Secretary of the Commonwealth, BladePoint is a Massachusetts corporation with its principal place of business at 5 Briggs Street, Quincy, MA 02170 (which is also Mr. Caluori's address). BladePoint's secretary is Laura McIntyre, and Raymond Caluori is the president and secretary.

(A copy of the information from the Secretary of the Commonwealth's website is attached as Exhibit B.)

14. On November 26, 2004, counsel for the Defendants served a Subpoena for Deposition of the 30(b)(6) representative of Bladepoint upon Laura McIntyre, Bladepoint's secretary and registered agent. (A copy of the subpoena is attached as Exhibit C.)

15. Neither BladePoint nor Mr. Caluori responded to this subpoena.

16. Counsel for the Defendants attempted to serve Mr. Caluori on numerous occasions, but were unable to do so. (Copies of the unsuccessful service attempts are attached as Exhibit D.)

17. On January 19, 2005, counsel for the Defendants was finally able to serve a Subpoena for Deposition upon Mr. Caluori personally. At the same time, counsel for the Defendants served another Subpoena for Deposition of the 30(b)(6) representative of Bladepoint upon Mr. Caluori. Both depositions were scheduled to take place in February 9, 2005, in Boston, Massachusetts. (Copies of the subpoenas are attached as Exhibit E.)

18. On January 27, 2005, Mr. Caluori wrote to counsel for the Defendants and denied that he was available for deposition on February 9, 2005 due to "previously arranged business plans." Caluori further stated: "I expect to be traveling in California over the next two months, and I would prefer to schedule my deposition at my attorney's office in California." (A copy of this letter is attached as Exhibit F.)

19. Counsel for Defendants was finally able to secure Mr. Caluori's commitment to sit for his deposition on March 28, 2005. This deposition was to take place at the offices of Mr. Caluori's attorney in California. (A copy of the letter confirming this deposition date is attached as Exhibit G.)

~CHGO1:30583251.v4

20. On March 14, 2005, counsel for the Defendants wrote Mr. Caluori and his counsel to request that the March 28, 2005 date be rescheduled to a later date in April 2005. (A copy of this letter is attached as Exhibit H.)

21. On March 18, 2005 and March 23, 2005, counsel again wrote Mr. Caluori and his counsel to inquire on his availability for April 2005 dates. (Copies of these letters are attached as Exhibit I.)

22. On March 23, 2005, Mr. Caluori's attorney, Mr. Michael James Cronen, finally responded to counsel for Defendants request to set a deposition date for Mr. Caluori. Mr. Caluori's counsel committed that he would provide alternate deposition dates and also stated that he would not communicate with counsel for Defendants via telephone, but would only communicate via letters. (A copy of this letter is attached as Exhibit J.)

23. Counsel for Defendants confirmed receipt of this letter on March 24, 2005 and again requested alternate dates for the deposition. (A copy of this letter is attached as Exhibit K.)

24. On March 26, 2005, Mr. Caluori's counsel provided two dates for Mr. Caluori's deposition: April 27, 2005 and May 2, 2005. While this letter acknowledged that Mr. Caluori's daughter was ill, it did not claim that he would be unable to sit for his deposition as a result of her illness. (A copy of this letter is attached as Exhibit L.)

25. On March 29, 2005, counsel for Defendants accepted the proposed April 27, 2005 deposition date and confirmed that Mr. Caluori had agreed to sit for his deposition on this date. Counsel for Defendants also requested that Mr. Cronen confirm whether he also represented BladePoint. (A copy of this letter is attached as Exhibit M.)

26. Mr. Caluori's counsel responded to the March 29, 2005 letter, but refused to confirm the location for the April 27, 2005 deposition or confirm whether he also represented

BladePoint. (A copy of this letter is attached as Exhibit N.)

27. On April 4, 2005, counsel for Defendants again requested confirmation of the location of the deposition and confirmation of whether BladePoint was a represented company. (A copy of this letter is attached as Exhibit O.)

28. On April 5, 2005, Mr. Caluori's counsel confirmed that he also represented BladePoint, and stated that Mr. Caluori would be BladePoint's Rule 30(b)(6) designee for purposes of the deposition. Additionally, he requested that the Defendants compensate Mr. Caluori for his deposition testimony, while refusing to confirm the location of the April 27, 2005 deposition. (A copy of this letter is attached as Exhibit P.)

29. Counsel for Defendants declined to compensate Mr. Caluori, and again requested final confirmation of the April 27, 2005 deposition. (A copy of this letter is attached as Exhibit Q.)

30. On April 11, 2005, Mr. Caluori's counsel finally confirmed that the April 27, 2005 deposition would take place in his offices in Oakland, California. (A copy of this letter is attached as Exhibit R.)

31. Counsel for Defendants confirmed receipt of the confirmation of the date and location for the deposition. (A copy of this letter is attached as Exhibit S.) Counsel for Defendants also sent a revised Notice of Deposition. (A copy of this revised notice is attached as Exhibit T.)

32. On April 21, 2005, Mr. Caluori's counsel cancelled the April 27, 2005 deposition due to the illness of Mr. Caluori's daughter. (A copy of this letter is attached as Exhibit U.)

33. Counsel for Defendants sent letters to Mr. Caluori's counsel on April 25, 2005, May 3, 2005, and May 9, 2005 requesting new dates for Mr. Caluori's deposition. (Copies of

6

these letters are attached as Exhibit V.)

34.   Despite promising to provide alternate dates for Mr. Caluori's deposition, Mr. Caluori's counsel failed to do so until June 3, 2005. (Copies of letters to and from Mr. Caluori's counsel regarding a new deposition date are attached as Exhibit W.)

35.   On June 3, 2005, Mr. Caluori's counsel finally provided alternate dates for the deposition, but these dates were not until August 5 or 16, 2005. This letter claims that Mr. Caluori is unavailable for an earlier deposition because of his daughter's illness. (A copy of this letter is attached as Exhibit X.)

36.   This is the same excuse that he has offered for months, and he claims that this prevents him from engaging in any other activities.

37.   The Defendants have made every effort to accommodate Mr. Caluori's schedule and commitments to his daughter. They have offered to take the deposition at a time and place convenient for Mr. Caluori, as long as they could do so within the time allowed for discovery. All of this has been for naught, and Mr. Caluori and his attorney continue their attempts to string this process along until discovery closes in this lawsuit.

## CONCLUSION

38.   Neither Mr. Caluori nor BladePoint have filed objections or motions to quash the subpoenas issued against them.

39.   Neither Mr. Caluori nor BladePoint have been willing to produce documents to the Defendants in advance of a deposition.

40.   Despite the fact that the Defendants first served BladePoint over eight months ago, and served Mr. Caluori personally six months ago, he refuses to provide any dates before August of 2005 for his deposition.

41.   As has been demonstrated by past conduct, however, it is far from certain that Mr. Caluori will even appear at the promised deposition date, especially as this current offer – as were the previous offers – is devoid of specifics, such as the location for the deposition.

42.   Based on the representations of Mr. Caluori's counsel, who is an officer of the court, the Defendants have attempted to accommodate Mr. Caluori's schedule.

43.   Despite this accommodation, Mr. Caluori and his attorney continue to string the Defendants along in an apparent attempt to avoid sitting for a deposition.

44.   As Mr. Caluori is BladePoint's corporate representative, as well as a deponent in his own right, the Defendants do not have an alternative means of obtaining the testimony and documents that they have requested.

45.   The Defendants have attempted to obtain the requested information from other sources – including Mr. Caluori's former business partner – but have been unsuccessful in their attempts as all roads lead back to Mr. Caluori and BladePoint.

46.   The Defendants also expect that they will need to conduct additional third-party discovery based on the information that they obtain from Mr. Caluori, and the proposed August dates will not allow the Defendants to complete this discovery before the close of discovery in this litigation at the end of September.

47.   Based on the refusal on both Mr. Caluori and his counsel to agree to a deposition within a reasonable time period, court intervention is the only means by which the requested depositions and documents can be obtained.

48.   As required by Fed. Rule Civ. P. 45(a)(2) and Local Rule 37.1(A), the above attempts to secure Mr. Caluori's attendance – both personally and as the corporate representative for BladePoint – represent a good faith effort by the Defendants to secure the required

~CHGO1:30583251.v4

depositions.

## REQUEST FOR ORAL ARGUMENT

49.  The Defendants request that this Court hold a hearing on this motion.

**Wherefore**, the Defendants request that this Court enter an Order compelling Raymond J. Caluori to sit for depositions, both individually and as the designated Rule 30(b)(6) representative of Bladepoint, Inc., in Boston, Massachusetts (or another mutually agreed-upon location) within fourteen (14) days.

Dated:  June 6, 2005                          Respectfully submitted,

                                              **PENTAIR, INC.**
                                              **PORTER-CABLE CORP.**
                                              **DELTA INT'L MACHINERY CORP.**

                                        By:  _____
                                             Brooks A. Ames (BBO #641192)
                                             DLA PIPER RUDNICK GRAY CARY US LLP
                                             One International Place
                                             Boston, MA  02110
                                             Phone:  (617) 406-6000
                                             Fax:  (617) 406-6100

OF COUNSEL:

Monica L. Thompson (06181455)
Albert E. Hartmann (06256064)
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
(312) 368-4000
(312) 236-7516 Facsimile

John C. Dougherty (Fed. Bar No. 10462)
**DLA PIPER RUDNICK GRAY CARY US LLP**
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

~CHGO1:30583251.v4

James. M. Heintz (Fed. Bar. No. 15485)
**DLA PIPER RUDNICK GRAY CARY US LLP**
1200 Nineteenth St. NW
Washington DC 20036
(202) 861-3900

10

~CHGO1:30583251.v4

## CERTIFICATE OF SERVICE

Brooks A. Ames, an attorney, deposes and states that he caused the above and foregoing **MOTION TO COMPEL DEPOSITION OF RAYMOND J. CALUORI AND RULE 30(B)(6) REPRESENTATIVE OF BLADEPOINT, INC.** to be served upon:

Wm. Tucker Griffith
Kevin Grogan
MCCORMICK, PAULDING & HUBER LLP
CityPlace II, 185 Asylum Street
Hartford, CT  06103-4102
Facsimile: 413-733-4543

Jeffrey E. Schiller, Esq.
SCHUYLER, ROCHE & ZWIRNER
One Prudential Plaza
Suite 3800
130 East Randolph Street
Chicago, Illinois 60601
Facsimile: 312-565-8300

Dominic P. Zanfardino, Esq.
BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Facsimile: 312-321-4299

Michael James Cronen
LAW OFFICES OF HARRIS ZIMMERMAN
1330 Broadway, Suite 710
Oakland, CA  94612-2506
Facsimile: 510-465-2041

by causing a copy to be sent via overnight delivery to the above named parties, at the addresses listed above, on this 6th day of June 2005 from One International Place, Boston, Massachusetts 02110.

_____
Brooks A. Ames

~CHGO1:30583251.v4